Filed 6/4/14  P. v. Mendez-Munoz CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JESUS ALBERTO MENDEZ-MUNOZ,<br><br>     Defendant and Appellant. | A140031<br><br>(Marin County<br>Super. Ct. No. SC181931A) |

Appellant Jesus Alberto Mendez-Munoz appeals from his conviction and resulting sentence following his guilty plea to one felony count of carrying a concealed firearm in a vehicle while being an active member of a criminal street gang (Pen. Code, § 25400, subd. (a)(3)[1]).

Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention. No supplemental brief has been filed by appellant personally.

We note that appellant has not obtained a certificate of probable cause, which is required by section 1237.5 when a defendant seeks to appeal from a judgment entered following a guilty or no contest plea.  A certificate is not required when the notice of

---

[1]  All further statutory references are to the Penal Code.

1

appeal states, as appellant's does here, that the appeal is based upon the sentence or other matters occurring after the plea that do not affect the validity of the plea. Accordingly, we have reviewed the whole record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, focusing upon grounds for appeal arising after entry of the plea (except perhaps appellant's motion to reduce his conviction to a misdemeanor, which we have also examined). Having done so, we conclude that there is no arguable issue on appeal.

### Procedural and Material Factual Background of Case

A four-count felony criminal complaint was filed by the Marin County District Attorney's Office on September 5, 2012, charging appellant with one count each of actively participating in a criminal street gang (§ 186.22, subd. (a)), carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(3)), carrying a loaded firearm in a vehicle while an active member of a criminal street gang (§ 25400, subd. (c)(3)), and carrying a loaded firearm without being the registered owner (§ 25850, subd. (c)(6)).

Several days later, appellant filed a motion to suppress evidence, pursuant to section 1538.5. However, before the motion was set for a hearing, on September 27, 2012, appellant entered a plea of guilty to count two, carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(3)). In doing so, appellant voluntarily and knowingly waived his constitutional protections and rights with regard to the charge, including a recognition that he faced a maximum of three years in state prison in connection with the plea. In return, the prosecutor, with *Harvey* waivers,[2] dismissed all other charges.

At sentencing on October 25, 2012, imposition of sentence was suspended, and appellant was placed on formal probation for three years, with conditions imposed as recorded in the record.

A petition to revoke probation was filed three months later after it was alleged that appellant was found in a vehicle in close proximity to a firearm by San Rafael Police. At a probation hearing on April 23, 2013,[3] appellant admitted the probation violation, but

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

[3] All further dates are in the calendar year 2013.

despite the violation, appellant's probation was reinstated by the trial court with further conditions imposed, including that he serve six months in county jail.

The following month, another petition was filed by the district attorney alleging that appellant had violated the terms of his probation by being found in possession of marijuana. Appellant admitted the violation at a probation revocation hearing on June 6, and probation was reinstated with further conditions imposed, including that appellant serve 20 hours of community service.

Two additional petitions alleging probation violations were filed on June 24 and August 12, respectively. In both instances, appellant admitted the violations, and probation was extended and continued with additional conditions imposed.

On September 6, appellant filed a motion to declare his original conviction on count two to be a misdemeanor "by operation of law." The motion was opposed by the prosecutor. The motion was thereafter denied by the court. At the hearing on the motion, the court allowed an opportunity to appellant to withdraw his original felony plea, which was declined.

**Conclusions Based Upon Independent Record Review**

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.

We also discern no error in the plea disposition, or during the numerous proceedings following that plea and conviction. The fines, penalties, and conditions of probation imposed were supported by the law and facts. We also discern no error in the court's ruling on appellant's motion to reduce his conviction to a misdemeanor. At all times appellant was represented by counsel.

3

## DISPOSITION

The judgment is affirmed.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
RIVERA, J.

4